**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **KRISTIAN REGINALD CRAIGE, SR. and PATRICE TARDIEFF CRAIGE** | * | **CASE NO.: 2:16-cv-03941** |
| **Plaintiffs,** | * | |
| **v.** | * | **JUDGE: ELDON E. FALLON** |
| **MIDFIRST BANK and CITIMORTGAGE/CITIBANK/CITIGROUP** | * | **MAG. JUDGE: MICHAEL NORTH** |
| **Defendants.** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**CITIMORTGAGE, INC., CITIBANK, N.A., AND CITIGROUP INC.'S**
**BRIEF REGARDING THE PROPRIETY OF REMOVAL**

**MAY IT PLEASE THE COURT:**

Defendants CitiMortgage, Inc. ("CitiMortgage"), Citibank, N.A. ("Citibank"), and Citigroup Inc. ("Citigroup"), (collectively, the "Citi Entities"), in compliance with the Court's Order of July 8, 2016 (Rec. Doc. 15), submit this Brief regarding the propriety of removal and in further support of the Court's diversity jurisdiction over this matter as originally set forth in the Citi Entities' Notice of Removal (Rec. Doc. 1).

**FACTUAL AND PROCEDURAL BACKGROUND**

Midfirst Bank originally instituted a Petition for Executory Process with Appraisement against Kristian R. Craige, Sr. and Patrice Tardieff Craige (the "Craiges") in the Civil District Court for the Parish of Orleans on December 17, 2014. On or around March 15, 2016, the Craiges improperly filed a new Complaint into the state court executory process proceeding, alleging various causes of action against Midfirst Bank ("Midfirst") and the Citi Entities.

Importantly, the Citi Entities were not parties to the original executory process suit. The first time that the Citi Entities received notice of either cause of action was upon receipt of the Craiges' Complaint via certified mail on March 30, 2016. The Citi Entities thereafter learned of the 2014 foreclosure suit, into which the Craiges had improperly filed this new action.

The Citi Entities removed the case to this Court on April 29, 2016, on the grounds of diversity jurisdiction and pursuant to 28 U.S.C. §§ 1441 and 1446.[1]

## LAW AND ARGUMENT

### I. Applicable Removal Statute

The procedure for removal of civil actions is governed by 28 U.S.C. § 1446, which provides, in relevant part:

> (b)(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> * * *
>
> (b)(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.
>
> * * *
>
> (c)(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.[2]

---

[1] It should be noted at the outset that the actual diversity of the parties in this matter cannot be disputed, nor can the threshold amount for diversity jurisdiction on the face of the Craiges' complaint, as noted in the Citi Entities' Notice of Removal (Rec. Doc. 1).

[2] 28 U.S.C. § 1446 (emphasis added).

## II. The One Year Limitation on Diversity Removal is a Procedural Rule and Cannot Now Form a Basis for Remand.

With respect to remand of a case removed pursuant to diversity jurisdiction, 28 U.S.C. § 1447(c) states in relevant part:

> (c) A motion to remand the case on the basis of **any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal** under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.[3]

The requirement that a diversity case be removed within one year after the filing of the complaint is a "procedural" requirement subject to the thirty-day remand deadline of 28 U.S.C. § 1447(c).[4] The Fifth Circuit has held that "[t]he time limitation for removal is not jurisdictional; it is merely 'modal and formal and may be waived'" by inaction of the parties.[5]

Indeed, the Fifth Circuit precedent is clear that remand for procedural defects, **including the one-year removal requirement**, *must* be brought by a party's motion, and a court does not have inherent authority to remand a case for such procedural defects on its own initiative.[6] This is especially true when the remand order comes more than thirty days after the removal of the

[3] 28 U.S.C. § 1447(c).

[4] *See Gonzalez v. Citgo Petro Corp.*, 48 Fed. Appx. 107, *1 (5th Cir. 2002) (stating that § 1446(b)'s one year limit on diversity removals is a procedural rule rather than a jurisdictional requirement); *see also Williams v. M.A. Oliver Co.*, 1997 WL 198062, *1 (E.D. La. April 22, 1997) (Duval, J.) ("The Fifth Circuit has held that the one year removal rule set forth in the statute is procedural and waivable, rather than jurisdictional."); *Certa v. Cain*, 308 Fed. Appx. 845, 847 (5th Cir. 2009) ("[T]he one-year time limit of §1446(b) for removing a case is procedural").

[5] *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, 516 (5th Cir. 1992) (quoting *Nolan v. Boeing Co.*, 919 F.2d 1058, 1063 n. 6 (5th Cir.1990).).

[6] *See Texas v. Florance*, 235 Fed. Appx. 319, 320 (5th Cir. 2007) (vacating *sua sponte* procedural-based remand order); *see also In re Allstate Ins. Co.*, 8 F.3d 219, 222-24 (5th Cir. 1993) ("Where a removed plaintiff, by its inaction, has acquiesced in federal jurisdiction . . . it hardly will do for the court *sua sponte* to interfere with the parties' apparent choice of forum."); *see also Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 284 (5th Cir. 2004) ("[W]ithout a motion from a party, [a] district court's [procedural-defect-based] remand order is not authorized by § 1447(c).").

matter, as the Fifth Circuit has "interpret[ed] the first sentence of § 1447(c) as precluding **all remands for procedural defects** after the expiration of the thirty-day remand period specified by § 1447(c)."[7] Indeed, as this Court has recognized, where a procedural defect that would be cause for remand is not brought before the Court by a party's motion within the thirty-day time limitation, "the court may not, *sua sponte*, remand the case for a defect in the removal procedure."[8]

The underlying state court action commenced on December 17, 2014, but the Craiges did not bring an action against the Citi Entities until March 30, 2016. The Citi Entities initially removed the matter to this Court on April 29, 2016. To date, neither the Craiges nor Midfirst has moved for remand of the case on procedural grounds. In fact, the Craiges have specifically requested that this matter remain in this Court.[9] Further, the Court's July 8, 2016 Order requesting a brief regarding the timeliness of removal comes more than two months after removal. Accordingly, even if this Court determines that the executory process proceeding filed on December 17, 2014, rather than the complaint filed on March 30, 2016, commenced the one-year deadline for removal, the thirty-day time limitation has passed for remand of this matter based on the procedural defect.

---

[7] *F.D.I.C. v. Loyd*, 955 F.2d 316, 322 (5th Cir. 1992). In analyzing the legislative history behind the 1988 Amendment to 28 U.S.C. § 1447(c), the Fifth Circuit found that "[t]he purpose of the thirty-day requirement is to ensure that procedural defects be raised, if raised at all, within thirty days of removal in order to ensure timely consideration by the district court, thereby minimizing the burdens on all parties and the courts involved." *Id. See also Ziegler v. Champion Mortgage Co.*, 913 F.2d 228, 230 (5th Cir.1990) ("Procedurally, a court may consider remand only if the parties raise the issue.").

[8] *Quagliano Tobacco & Candy Co. v. Mitchell*, 1995 WL 649947, at *1 (E.D. La. Nov. 2, 1995) (Fallon, J.) (citing *F.D.I.C. v. Loyd*, 955 F.2d 316 (5th Cir. 1992)).

[9] *See* Rec. Doc. 17.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

By: */s/ Kristen L. Hayes*
KENT A. LAMBERT (#22458)
KATIE L. DYSART (#31449)
KRISTEN L. HAYES (#36490)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
E-mail: klambert@bakerdonelson.com
E-mail: kdysart@bakerdonelson.com
E-mail: klhayes@bakerdonelson.com

**ATTORNEYS FOR DEFENDANTS CITIMORTGAGE, INC., CITIBANK, N.A., AND CITIGROUP INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of July, 2016, I electronically filed the foregoing pleading via the Clerk of Court by using the CM/ECF system that will send a notice of electronic filing to all counsel of record. The foregoing pleading was also served upon plaintiffs via U.S. mail, postage prepaid.

*/s/ Kristen L. Hayes*
KRISTEN L. HAYES