**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **MIDFIRST BANK** | * | **CIVIL ACTION** |
| | * | |
| | * | |
| **versus** | * | **No. 16-3941** |
| | * | |
| **KRISTIAN CRAIGE, ET AL.** | * | **SECTION "L" (5)** |

## ORDER & REASONS

Before the Court is Third Party Defendants CitiMortgage, Inc., Citibank, N.A., and Citigroup Inc.'s Motion to Dismiss. R. Doc. 12. Plaintiff Craige opposes the motion. Having reviewed the parties' briefs and the applicable law, the Court now issues this Order & Reasons.

### I. BACKGROUND

This tort case involves a dispute arising out of a promissory note executed by Kristian Craige, dated June 16, 2003, regarding an Act of Mortgage executed on the same date. R. 1-1 at 1. The note was executed in favor of New Freedom Mortgage Corporation in the principal amount $73,369.00 and stipulating 6% interest per annum on the unpaid balance. R. 1-1 at 1. While the viability of the transfers is disputed, the record indicates that New Freedom Mortgage endorsed the mortgage note to Citimortgage, Inc., and Citimortgage, Inc. in turn endorsed the note to Midfirst Bank. R. 1-1 at 2. On December 17, 2014, Midfirst Bank instituted foreclosure proceedings in state court to collect on the unpaid principal on the note, $65,795.39. R. 1-1 at 3.

On March 15, 2016, Craige filed a *pro se* counterclaim in state court against Midfirst Bank ("Midfirst"), Citimortgage, Inc., Citibank N.A., and Citigroup Inc ("the Citi Entities"). The counterclaim alleges numerous procedural errors committed by Midfirst during the

foreclosure process, and also claims that the assignment of the note "has yet to be verified." R. 1-2 at 3.

## II. DISCUSSION

The Citi Entities move to dismiss Craige's counterclaim on the grounds that Craige fails to state a claim or alternatively that Craige's tort-based claims are prescribed. R. 12. Craige responds *pro se*, addressing the Citi Entities' substantive critique of the counterclaim. R. 14 at 4–8. Craige does not discuss the Citi Entities' prescription argument.

The Court now proceeds to the merits of the motion and reviews the applicable law before examining the Citi Entities' asserted grounds for dismissal.

### A. Applicable Law

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007). But the Court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corporation et al. v. William Twombly, 550 U.S. 544, 545 (2007)). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft, 556 U.S. at 678.

Federal courts have historically held pro se petitioners to less stringent standards than those required of petitioners represented by counsel. *See Ominski v. Northrup Grumman Shipbuilding, Inc.,* 466 F. App'x 341, 345 (5th Cir.2012) (affording the plaintiff "the leeway to which she is entitled as a pro se petitioner"); *see also, e.g., Haines v. Kerner,* 404 U.S. 519 (1972) (holding the allegations of a pro se complaint to "less stringent standards than formal pleadings drafted by lawyers"). The United States Court of Appeals for the Fifth Circuit, in particular, has developed a presumption against dismissing a pro se action before a plaintiff is provided a chance to amend its petition. *See Dark v. Potter,* 293 Fed. Appx. 254, 257 (5th Cir.2008) (explaining the Fifth Circuit's "rule that Rule 12(b)(6) dismissals of pro se complaints without opportunity to amend generally constitute error"); *see also Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir.1998); *Pena v. United States,* 157 F.3d 984, 987 (5th Cir.1998).

In Louisiana, "[The prescriptive period] commences on the date the injured party discovers or should have discovered the facts upon which his cause of action is based." *Eastin v. Entergy Corp.*, 2003-C-1030 (La. 02/06/04); 865 So.2d 49, 55; *see also McLaughlin v. GlaxoSmithKline, L.L.C.*, 601 F. App'x 312, 314–15 (5th Cir. 2015) ("[The prescriptive period commences when there is enough notice to call for an inquiry about a claim, not when an inquiry reveals the facts or evidence that specifically outline the claim . . . ."). Once a cause of action has accrued, the prescriptive period may be tolled by operation of *contra non valentem*. "The doctrine of *contra non valentem agere nulla curit praescriptio* prevents the running of liberative prescription where the cause of action is not known or reasonably knowable by the plaintiff." *Cole v. Celotex Corp.*, 620 So.2d 1154, 1156–57 (La. 1993).

**B. Discussion**

The Court begins its analysis with Craige's Complaint. Craige summarizes the claim as follows: "MidFirst Bank and [the Citi Entities] deliberately violated [federal and state laws governing the foreclosure process] so that Midfirst Bank could aggressively acquire the plaintiffs' home and proceed with the auctioning/selling of the plaintiffs' home outside of the confines of both state and federal law." R. 1-2 at 1. Craige does not present a specific cause of action in the Complaint. The Complaint instead seeks damages "because of the defendants' illegal, fraudulent, malicious behavior." R. 1-2 at 5. Craige also defines conspiracy in the Complaint—"[C]onspiracy is defined as a secret plan made by two or more people to do something that is harmful or illegal." R. 1-2 at 2. The Court interprets Craige's Complaint as an action for civil conspiracy based on the underlying tort of fraud.

Craige's Complaint asserts that the conspiracy began with the allegedly fraudulent transfer of the promissory note affiliated with the mortgage. R. 1-2 at 3. Craige pleads that the allegedly fraudulent transfer of the note occurred on August 19, 2014. R. 1-2 at 3. Aside from the allegedly fraudulent transfer, Craige pleads no other fraudulent behavior on the part of the Citi Entities. Craige's pleadings do not further elaborate on the timeline of the events at issue, but both Craige's Opposition and the state court record indicate that Midfirst Bank filed its Petition for Executory Process in state court on December 17, 2014. *See* R. 1-1 at 1; R. 14 at 2. The Petition states that "CitiMorgage, Inc. endorsed the mortgage note to Midfirst Bank and Midfirst Bank is the holder and owner of the mortgage note." R. 1-1 at 2.

Craige first entered the state court litigation on February 27, 2015, when Craige filed an "Emergency Petition for Preliminary Injunction and/or to Vacate Order of Write of Seizure and to Cancel Sale Due to Fraud, Counterclaim and Affidavit." R. 1-1 at 27. In the emergency

petition, Craige challenged Midfirst's status as a holder in due course of the note and mortgage on the property. R. 1-1 at 31. Craige asserted that Midfirst used "fraudulent documents" to effectuate "property theft." R. 1-1 at 32. Therefore, Craige suspected on February 27, 2015, that the assignment of the note to Midfirst was dubious and that fraud may have occurred.

The Louisiana Supreme Court has held that conspiracy by itself is not an actionable claim under Louisiana law." *Ames v. Ohle*, 97 So.3d 386, 393 (La.App. 4 Cir. 5/23/12) (citations omitted). The actionable element of a conspiracy claim is not the conspiracy itself, but rather the tort that the conspirators agree to perpetrate and commit in whole or in part. *Id.* The prescriptive period for a fraud claim under Louisiana law is one year from the date plaintiff knew or reasonably should have known of a defendant's fraudulent act. *See Delpit v. Ansell*, No. 97–1112, 2004 WL 551206, at *2 (E.D.La. Mar. 16, 2004) (quotations and citations omitted). The applicable prescriptive period for a civil conspiracy to commit fraud is also one year. *See AGEM Mgmt. Servs., LLC v. First Tenn. Bank Nat. Ass'n*, 942 F. Supp. 2d 611, 619 (E.D. La. 2013); *Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rouge Par.*, 327 F. App'x 472, 479 (5th Cir. 2009). Craige filed the present counterclaim against the Citi Entities on March 30, 2016. With the one year prescriptive period for civil conspiracy actions in mind, Craige's civil conspiracy claim is prescribed if the prescriptive period began to run before March 30, 2015.

Craige's cause of action accrued as to the Citi Entities at the latest on February 17, 2014, when Craige asserted a claim of fraud against Midfirst in the "Emergency Petition for Preliminary Injunction and or to Vacate Order of Writ of Seizure and to Cancel Sale Due to Fraud, Counterclaim and Affidavit." R. 1-1 at 27. On this date, Craige claimed he had discovered facts proving that Midfirst engaged in fraudulent behavior to become assignee of the mortgage note. R. 1-1 at 31. Craige therefore concluded that Midfirst was not a holder in due

course of the mortgage note. R. 1-1 at 31. Since Craige concluded on February 17, 2014, that the assignment of the mortgage note to the assignee was fraudulent, he was "on notice to call for an inquiry" into the potentially fraudulent acts of the assignor of the note. *McLaughlin*, 601 F. App'x at 314–15. It would have been a simple matter to investigate the transaction and assert claims against the Citi Entities within a year of filing claims against Midfirst. Craige chose not to do so. Craige's claim is therefore prescribed as to the Citi Entities.

## III. CONCLUSION

**IT IS ORDERED** that Plaintiff Craige's claim against the Citi Entities is hereby **DISMISSED WITHOUT PREJUDICE**, so that Craige may re-urge a non-prescribed claim if such exists.

New Orleans, Louisiana, this 26th day of July, 2016.

UNITED STATES DISTRICT JUDGE

Cc:
Kristian R. Craige, Sr.
6306 Vanderbilt Avenue
Dallas, TX 75214
214-909-0588
PRO SE