| | | |
|---|---|---|
| **MIDFIRST BANK** | * | **CIVIL ACTION** |
| | * | |
| **versus** | * | **No. 16-3941** |
| | * | |
| **KRISTIAN CRAIGE, ET AL.** | * | **SECTION "L" (5)** |

### ORDER & REASONS

Before the Court is *pro se* Third-Party Plaintiff Kristian Craige's ("Craige") Motion to Reconsider the Court's denial of Plaintiff's motion for a default judgment against counter-defendant MidFirst Bank. R. Doc. 41. While no party has yet entered an opposition to the motion, the Court has reviewed Plaintiff's arguments and the applicable law, and now issues this Order and Reasons.

### I.         BACKGROUND

This tort case involves a dispute arising out of a promissory note executed by Kristian Craige, dated June 16, 2003, regarding an Act of Mortgage executed on the same date. R. 1-1 at 1. The note was executed in favor of New Freedom Mortgage Corporation in the principal amount $73,369.00 and stipulating 6% interest per annum on the unpaid balance. R. 1-1 at 1. While the viability of the transfers is disputed, the record indicates that New Freedom Mortgage endorsed the mortgage note to Citimortgage, Inc., and Citimortgage, Inc. in turn endorsed the note to Midfirst Bank. R. 1-1 at 2. On December 17, 2014, Midfirst Bank instituted foreclosure proceedings in state court to collect on the unpaid principal on the note, $65,795.39. R. 1-1 at 3.

According to the Petition filed in state Court, Craige had not made his scheduled mortgage payments since May 1, 2014. R. 1-1 at 4.[1]

On March 15, 2016, Craige filed a *pro se* counterclaim in state court against Midfirst Bank ("Midfirst"), Citimortgage, Inc., Citibank N.A., and Citigroup Inc ("the Citi Entities"). Craige argues the Defendants conspired to commit fraud against him, and deprive him of his property. The counterclaim alleges numerous procedural errors committed by Midfirst during the foreclosure process, and also claims that the assignment of the note "has yet to be verified." R. 1-2 at 3.

On July 26, 2016, the Court held that Plaintiff's tort claims were prescribed, but granted leave for Plaintiff to amend his complaint and re-assert any non-prescribed claims. R. 19. On August 24, 2016, Plaintiff filed a motion to "re-urge any non-prescribed claims," but did not specify any of the new claims he wished to assert against Defendants. R. 21. The Court denied the Motion and explained that Plaintiff was barred from re-urging the claims in the initial Complaint, as the Court already determined those claims had prescribed. R. 23. The Court granted Plaintiff a third opportunity to file another Complaint alleging a non-prescribed claim, if such a claim exists. R. 23.

In response, Plaintiff filed a motion to re-urge a Complaint with non-prescribed claims against any of the parties. R. 26. Plaintiff asserted four additional claims, which he argued were

_____

[1] After MidFirst instituted foreclosure proceedings, Plaintiff filed an emergency motion to vacate the Writ of Seizure. MidFirst voluntarily postponed the sheriff sale set for March 26, 2015. On June 25, 2015, MidFirst purchased the property at a sheriff's sale. Craige again filed a motion to set aside the sale, arguing he received insufficient notice of the pending sheriff's sale. The court agreed and granted the motion. A third sheriff's sale was scheduled for July 22, 2015. Plaintiffs received adequate notice of the sale. MidFirst purchased the property on July 22, 2015, and was issued a Writ of Possession. Subsequently, Craige filed a Petition in state court, alleging the Defendants conspired to defraud him of his property. *See* R. Doc. 1-1 for state court records.

not prescribed. First, Plaintiff brought a breach of contract claim against the Citi Entities. R. 26 at 3. Second, Plaintiff asserted claims for violations of the Uniform Commercial Code §3-305 and Recoupment. R. 26 at 3-4. Third, Plaintiff argued that the Citi Entities violated Generally Accepted Accounting Principles. R. 26 at 4-5. Fourth, Plaintiff alleged that he was entitled to quiet title to the property, because of the Citi Entities fraudulent conduct, and that he had adverse possession rights. R. 26 at 5-6. In connection to these claims, Plaintiff sought $4,000,000.00 in damages. R. 26 at 6.

On May 26, 2017, the Court granted the Citi Defendants' Motion to Dismiss, finding that Plaintiff had failed to plead factual allegations which entitled him to relief against the Citi Entities. R. Doc. 38. Plaintiff then filed a motion for default judgment against counter-defendant MidFirst Bank. R. Doc. 39. The Court denied the motion, finding that Plaintiff had failed to comply with the requirements of Federal Rule of Civil Procedure 55. R. Doc. 40.

## II.     Plaintiff's Motion for Reconsideration (R. 41)

On July 28, 2017, Plaintiff filed a "Motion to Rebut the Court's Order." R. Doc. 41. The Court will interpret this filing as a motion for reconsideration. In his motion, Plaintiff re-asserts many of the same arguments he had previously raised in this litigation. He contends he is a Native American Choctaw and thus entitled to equal protection rights under the United Nations Declaration of the Right of Indigenous Peoples. R. 34 at 1. He alleges that as a pro se Plaintiff, he is entitled to the less stringent pleading standards afforded to pro se litigants. R. 34 at 2. He argues that MidFirst Bank violated his right to Due Process, as well as his First, Fourth, and Fifth

Amendment Rights. R. 34 at 2. Further, Plaintiff alleges that MidFirst Bank has failed to file an

answer in this Court. R. 41 at 2.[2]

### III.    LAW AND ANALYSIS

As an initial matter, the Court finds it necessary to emphasize that Plaintiff seeks

reconsideration of the Court's Order denying his motion for default. Plaintiff's claims against

MidFirst were not dismissed. While Plaintiff is certainly entitled to the more lenient standard

afforded to pro se litigants, this Court is not required to prosecute this case on his behalf.[3]

### A.    Motion for Reconsideration Standard

The Federal Rules of Civil Procedure do not specifically recognize a motion for

reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir.

1997). However, when a movant seeks review of a judgment, such as in the present case, courts

treat a motion for reconsideration as either a Rule 59(e) motion to alter or amend judgment, or as

a Rule 60(b) motion for relief from a judgment or order. *Harcon Barge Co. v. D & G Boat

Rentals, Inc.*, 784 F.2d 665, 666 (5th Cir. 1986). The motion is considered a Rule 59(e) motion if

filed no later than 28 days from the entry of a judgment, and a Rule 60(b) motion if filed after

this time period. *See* Fed. R. Civ. P. 59(e). Here, Plaintiff filed his Motion more than 28 days

after entry of the Court's Order & Reasons; thus, the Motion is treated as a Rule 60(b) motion for

relief from a judgment or order.

---

[2] Plaintiff also makes vague references to a September 1, 2013 Apostolic Letter regarding the jurisdiction of the Vatican City State. It is unclear how any such letter would impact these proceedings.

[3] In *Platsky*, the United States Court of Appeals for the Second Circuit held that the district court erred in dismissing Plaintiff's complaint—and thereby the case—without granting plaintiff an opportunity to amend or instructing him on how to cure the complaint's form deficiencies. *Henry Platsky v. Central Intelligence Agency*, 953 F.2d 26 (2d Cir. 1991). Here, Craige filed a motion for a default judgment; not a complaint. Further, the Court has provided Craige multiple opportunities to amend his complaint, thereby following the rule in *Platsky*.

Federal Rule of Civil Procedure 60(b) grants district courts the authority, on motion and just terms, to relieve a party or its legal representative from a final judgment, order, or proceeding for various enumerated reasons. The extraordinary relief afforded by Rule 60(b), however, requires that "the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 286 (5th Cir. 1985). The decision to grant or deny Rule 60(b) relief is within the sound discretion of the trial court. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 997 (5th Cir. 2002); *see also Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

### B. Rule 55 Default Judgment

Federal Rule of Civil Procedure 55 provides that after a default has been entered by the clerk, a party must apply to the court for a default judgment.[4] However, as the Fifth Circuit has explained, "[f]ederal courts should not be agnostic with respect to the entry of default judgments, which are 'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." ' *See Lacy*, 227 F.3d at 292 (*citing Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)).

Further, a default may only be entered after the party moving for default has met the notice requirements under Rule 55(b)(2). To satisfy these requirements,

> [D]efendant's actions must give the plaintiff a clear indication that the defendant intends to pursue a defense and must "be responsive to the plaintiff's formal Court action." *Baez v. S.S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir. 1975); *see also Sun Bank*, 874 F.2d at 276 (noting that appearances " 'include a variety of informal acts on defendant's part which are responsive to plaintiff's formal action in court,

---

[4] As MidFirst was never served in its capacity as a counter-defendant, the clerk has not entered a default in this case; indeed, MidFirst has not actually defaulted.

and which may be regarded as sufficient to give plaintiff a clear indication of defendant's intention to contest the claim' ") (quoting 6 MOORE'S FEDERAL PRACTICE § 55.05(3) (2d ed.)).

*Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999).

### C. Discussion

Here, Plaintiff seeks to overturn the Court's denial of his motion for default judgment pursuant to a motion for reconsideration under Rule 60(b). Relief under this rule is discretionary. *See Provident Life*, 274 F.3d at 997. As previously explained, default judgments are generally disfavored in the law. *See Mason & Hanger-Silas Mason Co.*, 726 F.2d at 168. Thus, even if Plaintiff had met the minimum requirements for a default judgment under Rule 55, he would face a Sisyphean task.

However, Plaintiff has failed to meet the notice requirements for a default judgment under Rule 55. MidFirst was never served in its capacity as a counter-defendant. Consequently, no counsel have enrolled to represent MidFirst in this case, or even indicated they wish to appear on MidFirst's behalf. MidFirst has taken no action "which may be regarded as sufficient to give plaintiff a clear indication of defendant's intention to contest the claim." *See* 6 MOORE'S FEDERAL PRACTICE § 55.05(3) (2d ed.). Because Plaintiff has not met the notice requirements of Rule 55, he is not entitled to a default judgment.[5] Furthermore, Plaintiff Craige has not demonstrated the "unusual or unique circumstances" which would justify the extraordinary relief afforded by Rule 60(b). *Pryor v. U.S. Postal Service*, 769 F.2d 281, 286 (5th Cir. 1985). Therefore, his motion for reconsideration must be denied.

---

[5] Furthermore, Plaintiff Craige has not indicated which charging, original instrument he believes entitles him to a default against MidFirst. Without a charging instrument, Plaintiff is not entitled to a default judgment.

**IV.    CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration, R. 41, is **DENIED.**

New Orleans, Louisiana, this 11th day of August, 2017.

_____
UNITED STATES DISTRICT JUDGE

Cc:
Kristian R. Craige, Sr.
6306 Vanderbilt Avenue
Dallas, TX 75214
214-909-0588
PRO SE