# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MIDFIRST BANK** | * | **CIVIL ACTION** |
| | * | |
| | * | |
| **versus** | * | **No. 16-3941** |
| | * | |
| **KRISTIAN CRAIGE, ET AL.** | * | **SECTION "L" (5)** |

## ORDER & REASONS

Before the Court is Counter Defendant Midfirst Bank's Motion to Dismiss. R. Doc. 43. Third Party Plaintiff Craige did not respond to the motion. Having reviewed the parties' briefs and the applicable law, the Court now issues this Order & Reasons.

## I.  BACKGROUND

This tort case involves a dispute arising out of a promissory note executed by Kristian Craige, dated June 16, 2003, regarding an Act of Mortgage executed on the same date. R. Doc. 1-1 at 1. The note was executed in favor of New Freedom Mortgage Corporation in the principal amount $73,369.00 and stipulating 6% interest per annum on the unpaid balance. R. Doc. 1-1 at 1. While the viability of the transfers is disputed, the record indicates that New Freedom Mortgage endorsed the mortgage note to Citimortgage, Inc., and Citimortgage, Inc. in turn endorsed the note to Midfirst Bank. R. Doc. 1-1 at 2. On December 17, 2014, Midfirst Bank instituted foreclosure proceedings in state court to collect on the unpaid principal on the note, $65,795.39. R. Doc. 1-1 at 3.

On March 15, 2016, Craige filed a *pro se* counterclaim in state court against Midfirst Bank ("Midfirst"), Citimortgage, Inc., Citibank N.A., and Citigroup Inc ("the Citi Entities"). The counterclaim alleges numerous procedural errors committed by Midfirst during the

1

foreclosure process, and also claims that the assignment of the note "has yet to be verified." R. Doc. 1-2 at 3.  On July 26, 2016, the Court held that Third Party Plaintiff's tort claims were prescribed, but granted leave for Craige to amend his complaint and re-assert any non-prescribed claims. R. Doc. 19. On August 24, 2016, Plaintiff filed a motion to "re-urge any non-prescribed claims," but did not specify any of the new claims he wished to assert against Defendants. R. Doc. 21. The Court denied the Motion and explained that Plaintiff was barred from re-urging the claims in the initial Complaint, as the Court already determined those claims had prescribed. R. Doc. 23. The Court granted Third Party Plaintiff a third opportunity to file another Complaint alleging a non-prescribed claim, if such a claim exists. R. Doc. 23.

In response, Craige filed a motion to re-urge a Complaint with non-prescribed claims against any of the parties. R. Doc. 26. The Court dismissed this motion as moot. R. Doc. 38.

**II. PRESENT MOTION**

Counter Defendant Midfirst Bank has filed a Motion to Dismiss for lack of jurisdiction, *res judicata*, and insufficient service. R. Doc. 43. First, Midfirst argues that the Court lacks subject matter jurisdiction because the claim is a collateral attack on a state court proceeding. R. Doc. 43 at 4. The Bank argues that the foreclosure is a final judgment and cannot be reviewed because the state court specifically rejected Craige's claims. R. Doc. 43 at 6, 7.

Second, Midfirst argues that if the Court finds it has jurisdiction, the claims are barred by *res judicata*. R. Doc. 43 at 9. The Bank avers that all foreclosures in Louisiana are *res judicata* because they are judicial sales. R. Doc. 43 at 10. Therefore, because Craige failed to raise his available arguments at the state court foreclosure, he should not be allowed to relitigate those issues in federal court. R. Doc. 43 at 10.

Finally, Midfirst argues that Craige's claims should be dismissed because Defendant Midfirst Bank was never properly served. R. Doc. 43 at 10. Midfirst alleges that rather than follow Louisiana Code of Civil Procedure,[1] Craige mailed a copy of the complaint to a P.O. Box in Oklahoma City. R. Doc. 43 at 11.

## III. DISCUSSION

All claims brought by Third Party Plaintiff Craige against Third Party Defendants Citimortgage, Inc., Citibank N.A., and Citigroup Inc. have been dismissed as either prescribed, R. Doc. 19, or moot, R. Doc. 38, and the Citi Entities were terminated from this action on May, 26, 2017. Further, it appears that there are no live claims against Counter Defendant Midfirst Bank because they were not properly served.

However, in the event that there were live claims against Counter Defendant Midfirst Bank, such claims would be pre-empted by the state court foreclosure proceedings. Here, the Court lacks jurisdiction under the *Rooker-Feldman* doctrine which "bars federal courts from adjudicating claims where the plaintiff seeks to overturn a state-court judgment." *Troung v. Bank of America, N.A.*, 717 F.3d 377, 381 (5th Cir. 2013) Therefore, any and all remaining claims against Counter Defendant Midfirst Bank should be dismissed.

---

[1] Under Louisiana law, service of a reconventional demand on a bank must be made by either: (1) personal service on counsel of record; or (2) personal service on the registered agent; or, (3) if unable to serve the registered agent, personal service on any officer of the bank at the main office of the bank. LA. CODE CIV. PRO. art. 1314; LA. CODE CIV. PRO. art. 1261; LA. R.S. 6:285(C).

## IV. CONCLUSION

**IT IS ORDERED** that Counter Defendant Midfirst Bank's Motion to Dismiss against the Citi Entities is hereby **GRANTED**.

New Orleans, Louisiana, this 8th day of September, 2017.

_____
UNITED STATES DISTRICT JUDGE

Cc:
Kristian R. Craige, Sr.
6306 Vanderbilt Avenue
Dallas, TX 75214
214-909-0588
PRO SE